## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**WILLIE ROBINSON**                                                    **PLAINTIFF**

**v.**                                             **CAUSE NO. 1:24-cv-00315-LG-RPM**

**HARRISON COUNTY CIRCUIT COURT, et al.**              **DEFENDANTS**

### ORDER OF DISMISSAL

This matter is before the Court *sua sponte.  Pro se* Plaintiff Willie Robinson is an inmate housed at the Central Mississippi Correctional Facility in Pearl, Mississippi.  His claim arises under 42 U.S.C. § 1983, and he is proceeding *in forma pauperis*.  Plaintiff names three Defendants: (1) Harrison County Circuit Court, (2) Circuit Court Judge "Constance Valhos," and (3) Circuit Clerk Justin Wetzel.  For the following reasons, the Court finds that Plaintiff's claim should be dismissed with prejudice as legally frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

### I. BACKGROUND

On May 17, 2017, Plaintiff was found guilty of first-degree arson after a jury trial in the Harrison County Circuit Court.  *State of Miss. v. Robinson*, No. 24CI1:16-cr-00021 (Harrison Cnty. Cir. Ct., May 17, 2017) (Doc. 79).[1]  He was sentenced as a habitual offender to serve fifteen years day-for-day in the custody of the Mississippi Department of Corrections without hope of parole or early release.

---

[1] The Court "may take judicial notice of matters of public record." *Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017).

*Robinson*, No. 24CI1:16-cr-00021 (Doc. 80).  That conviction and sentence have not been reversed, expunged, declared invalid, or otherwise called into question.

Without explanation, Plaintiff complains that he was illegally sentenced.  He alleges that "Judge Valhos" somehow interfered with the trial and that Wetzel somehow denied him due process of law.  Plaintiff asks the Court to award $1,000,000.00 in punitive damages for his pain and suffering and to dismiss his sentence.

## II. STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, applies to prisoners proceeding *in forma pauperis*.  Because Plaintiff is proceeding accordingly, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  "A complaint is frivolous if it lacks an arguable basis in either law or fact."  *Fountain v. Rupert*, 819 F. App'x 215, 218 (5th Cir. 2020).  "A complaint fails to state a claim upon which relief may be granted if, taking the plaintiff's allegations as true, he could prove no set of facts in support of his claim that would entitle him to relief."  *Id.*

This framework "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Denton v. Hernandez*, 504 U.S. 25, 32

2

(1992) (quotation omitted).  In an action proceeding under § 1915, courts may "evaluate the merit of the claim sua sponte." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).  "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.*  So long as the plaintiff "has already pleaded his best case," *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (quotation omitted), and his "insufficient factual allegations [cannot] be remedied by more specific pleading," *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994), the Court may dismiss the case *sua sponte*.

### III. DISCUSSION

Plaintiff's claim must be dismissed with prejudice as legally frivolous and for failure to state a claim for at least two reasons: (1) it is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and (2) it is barred by the applicable statute of limitations.

A.  *Heck* Bar

"In *Heck*, the Supreme Court held that if a plaintiff's civil rights claim for damages challenges the validity of his criminal conviction or sentence, and the plaintiff cannot show that such conviction or sentence has been reversed, invalidated, or otherwise set aside, the claim is not cognizable under § 1983." *Magee v. Reed*, 912 F.3d 820, 822 (5th Cir. 2019) (citing *Heck*, 512 U.S. at 486-87). "*Heck* requires the district court to consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that

the conviction or sentence has already been invalidated." *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006) (quotation omitted). "This requirement or limitation has become known as the favorable termination rule." *Id.* (quotation omitted).

Plaintiff asks this Court to conclude he was illegally sentenced by the Harrison County Circuit Court in 2017. But a finding in his favor on this point would necessarily imply the invalidity of his current sentence. And Plaintiff has not shown that his sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 487. Thus, Plaintiff cannot maintain his constitutional claim under § 1983. *E.g.*, *Morgan v. Miss.*, No. 5:24-cv-00017-DCB-BWR, 2024 WL 4354108, at *3 (S.D. Miss. Sept. 30, 2024) ("[C]laims that a prisoner was illegally sentenced necessarily violate the *Heck* doctrine." (quotation omitted)); *Walley v. Jackson Cnty. Narcotic Task Force*, No. 1:19-cv-00413-HSO-JCG, 2020 WL 1068075, at *2 (S.D. Miss. Mar. 5, 2020) ("[Section] 1983 claims seeking a determination that . . . [the plaintiff's] sentences are illegal are precluded by *Heck*.").

Plaintiff's claim must be dismissed with prejudice as frivolous and for failure to state a claim "until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996); *see also Jones v. McMillin*, No. 3:12-cv-00865-CWR-FKB, 2013 WL 1633336, at *2 (S.D. Miss. Apr. 16, 2013) (dismissing *Heck*-barred claims "as legally frivolous and for failure to state a claim").

B.  Statute of Limitations

"A district court may raise the defense of limitations *sua sponte* . . . and dismissal is appropriate if it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations." *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (quotation and brackets omitted).  A complaint barred by the statute of limitations is properly dismissed as legally frivolous under § 1915. *See Bates v. Price*, 368 F. App'x 594, 595 (5th Cir. 2010).

There is no federal statute of limitations for civil rights actions brought under § 1983.  *Owens v. Okure*, 488 U.S. 235, 239 (1989).  "Because § 1983 claims are best characterized as personal injury actions, [the Supreme Court has] held that a State's personal injury statute of limitations should be applied to all § 1983 claims." *Id*. at 240-41 (quotation omitted).  "The applicable Mississippi statute of limitations period is three years." *Whittington v. City of McComb*, No. 5:15-cv-00052-DCB-MTP, 2016 WL 8223427, at *3 (S.D. Miss. Nov. 23, 2016) (citing Miss. Code Ann. § 15-1-49), *report and recommendation adopted by*, 2017 WL 520558, at *1 (S.D. Miss. Feb. 8, 2017).

While Mississippi law governs the applicable limitations period, federal law governs when a claim accrues.  *Wallace v. Kato*, 549 U.S. 384, 388 (2007).  An action accrues when a plaintiff has "a complete and present cause of action." *Id*. (quotation omitted).  The limitations period begins to run when a plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001)

5

(internal quotations and citations omitted).

Under these principles, the alleged illegal sentence was imposed, and Plaintiff's cause of action accrued, on May 17, 2017. Thus, the period for filing claims arising from the alleged illegal sentence expired in May 2020. But Plaintiff filed his Complaint in October 2024—more than four years after the applicable statute of limitations expired. This case is time-barred and must also be dismissed as legally frivolous for that reason.

IV. <u>CONCLUSION</u>

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff Willie Robinson's claim is **DISMISSED WITH PREJUDICE** as legally frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

**IT IS FURTHER ORDERED AND ADJUDGED** that this dismissal counts as a "strike" under 28 U.S.C. § 1915(g). Plaintiff is advised that, if he receives three strikes, "he may not proceed [*in forma pauperis*] in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury." *Adongo v. Tex.*, 124 F. App'x 230, 232 (5th Cir. 2005) (citing 28 U.S.C. § 1915(g)).

A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 1st day of April, 2026.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE